UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                     CASE NO. 17-11765

JODY ALLEN DIAZ AND                         SECTION "B"
REBECCA JOSEPHINE RUTHERFORD

      DEBTORS                                                    CHAPTER 7
*************************************************************************
BARBARA RIVERA-FULTON, CHAPTER 7 TRUSTEE

      PLAINTIFF

VERSUS                                                         ADV.P. NO. 17-1078

JEFFERSON FINANCIAL FEDERAL CREDIT UNION

      DEFENDANT

## MEMORANDUM OPINION

This matter came before the court on the complaint filed by Barbara Rivera-Fulton, Chapter 7 Trustee ("Trustee") against Jefferson Financial Federal Credit Union ("Credit Union") seeking to avoid the transfer of funds from the debtor to the Credit Union made within 90 days of the date the debtors filed their petition for relief under Chapter 7 of the United States Bankruptcy Code.[1] The parties agreed there were no factual issues for trial and submitted the matter for a determination of the legal issues on the briefs without oral argument. For the reasons set forth below, the court finds that the Trustee is entitled to avoid the transfer and recover the transferred funds from the Credit Union.

The Credit Union obtained a judgment against debtor Jody Diaz on July 24, 2015, and began to garnish his wages in April 2017. Diaz filed his Chapter 7 petition on July 7, 2017. The Trustee first filed a motion for turnover of the garnished funds, and then filed this adversary

---

[1] 11 U.S.C. § 101 *et seq.*

1

proceeding. The Credit Union has already paid the majority of the funds to the Trustee, but it argues that it should not have to pay the Trustee the funds that it paid to its attorney as attorney's fees. Additionally, the Credit Union argues that of the money it has already paid to the Trustee, one payment of $147.16 is outside of the 90 day preference period and the Trustee should return this amount to the Credit Union.

The court also notes that in its first brief, the Credit Union states that its attorney received $3,182.74 from the Sheriff of Jefferson Parish. Of this amount, the attorney forwarded $2,121.81 to the Credit Union and kept $1,060.93 as an attorney's fee. In its second brief, the Credit Union states that the attorney received a total of $2,741.60 from the sheriff and then sent $1,827.72 to the Credit Union. The difference is not explained, but regardless of the amount the Credit Union and the attorney actually received, the analysis of the legal issue does not change.[2]

### A. Was the first payment received by the Credit Union outside the preference period?

In her initial brief, the Trustee does not address the Credit Union's argument that the first payment received by the Credit Union falls outside the preference period. When asked for additional briefing on the matter, the Trustee agreed to accept the Credit Union's position that this first payment should fall outside the preference period. Accordingly, there is no longer disagreement as to this point, and the court holds that the payment garnished on April 10, 2017 falls outside the preference period, and the Trustee should return those funds to the Credit Union.

### B. Section 550 of the Bankruptcy Code.

The remaining issue here is whether the Trustee can recover the attorney's fee from the Credit Union under 11 U.S.C. §§ 547 and 550. Section 547 of the Bankruptcy Code allows the trustee to avoid any transfer of an interest of the debtor in property made on or within 90 days

---

[2] Armed with the court's decision, the parties should be able to sort out the actual amounts for themselves.

before the date of the filing of the bankruptcy petition, to or for the benefit of a creditor, for or on account of an antecedent debt owed by the debtor before such transfer was made, if the transfer was made while the debtor was insolvent. The parties do not argue over whether the transfers in question here are preferences under § 547; they agree that they are.

Section 550 addresses the liability of the transferee of an avoided transfer. It states:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section [547] of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.
>
> (b) The trustee may not recover under section (a)(2) of this section from—
> (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or
> (2) any immediate or mediate good faith transferee of such transferee.

And so, the court must determine whether the funds the Trustee seeks to recover falls within the ambit of § 550. Both parties agree that the initial transferee was the Credit Union, and that the attorney is the immediate or mediate transferee of the funds.[3] The basic disagreement seems to boil down to the following: may the Trustee seek recovery of the funds from the Credit Union even though the Credit Union is not in possession of the funds? Or must the Trustee seek recovery of the funds from the attorney, as the immediate or mediate transferee? If the Trustee sought to recover the funds from the attorney, then the attorney, as an immediate or mediate transferee, would be allowed to assert the defenses allowed under § 550(b). The Trustee then, seeks to recover directly from the Credit Union rather than deal with the defenses of the attorney.

---

[3] Credit Union's brief (P-11) at p. 13; Trustee's brief (P-13) at p. 2.

The specific details of the transaction are as follows: the attorney obtained a judgment against Diaz on behalf of the Credit Union, then initiated a wage garnishment proceeding, and Diaz's wages were garnished for several months. Diaz's employer sent the garnished funds to the Sheriff of Jefferson Parish, Louisiana, who deducted a 6% fee and then sent the remaining garnished funds directly to the attorney by check made payable to the attorney. Pursuant to a long-standing agreement with his client, the attorney then forwarded two-thirds of those funds to the Credit Union and retained one-third of the funds as his contingent attorney's fee. The funds were initially deposited in the attorney's trust account, and then once a month, two-thirds of all funds collected were forwarded to the Credit Union, and the other one-third were transferred to the attorney's operating account.

Section 550(a) states that the trustee has the choice of recovery from one of three parties, 1) the initial transferee; 2) the party for whose benefit the initial transfer was made; and/or 3) any subsequent transferee. *In re International Administrative Services, Inc.,* 408 F.3d 689, 703 (11th Cir. 2005). As already stated, although the funds were first paid to the sheriff and then the law firm, the parties agree that the Credit Union was the initial transferee. *Matter of Coutee*, 984 F.2d 138 (5th Cir. 1993). Because the Credit Union was the initial transferee, it is a party from which the Trustee may seek recovery.

The court is sympathetic to the argument of the Credit Union in this case - because the Credit Union does not hold the funds (and in fact, never had the funds), why should the Trustee be allowed to recover from the Credit Union rather than seeking to recover from the party who does have the funds? But the Credit Union cited no authority on this point, and although the court conducted some limited independent research, it could find no cases requiring the Trustee

4

to limit her demand to the party in possession of the funds or property of the estate to be recovered.

**C. <u>Conclusion</u>**

Based on the foregoing, the court concludes that the Trustee is entitled to recover the attorney's fees from the Credit Union. A separate order will be entered in accordance with this memorandum opinion.

    New Orleans, Louisiana, February 13, 2019.

                                                  *J. A. Brown*
                                               Jerry A. Brown
                                               U.S. Bankruptcy Judge